# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**FILED**

March 12, 2015

RORY L. PERRY II, CLERK

SUPREME COURT OF APPEALS

OF WEST VIRGINIA

**CHUCK NAPIER,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0848** (BOR Appeal No. 2048189)
(Claim No. 2010123867)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**DEDICATED LOGISTICS, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Chuck Napier, by Edwin H. Pancake, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of the Insurance Commissioner, by David L. Stuart, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 24, 2013, in which the Board affirmed a February 8, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's October 25, 2011, decision granting the request to reopen the claim for temporary total disability benefits. The Office of Judges reversed the claims administrator's April 12, 2012, decision to not add cubital tunnel syndrome as a compensable condition of the claim. The Office of Judges also reversed the claims administrator's April 12, 2012, decision which assessed the grant of temporary total disability benefits from January 22, 2009, through March 2, 2009, as an overpayment. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these

1

reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Napier, a truck driver for Dedicated Logistics, Inc., parked his truck to log entries in his journal on February 6, 2008, when he noticed an out of control tow truck coming down the road. A car came loose from the tow truck and struck his parked truck. Mr. Napier grasped onto the steering wheel to brace himself for impact. The collision caused the steering wheel to twist to the right. This precipitated an injury to his right hand and spine. Mr. Napier filed a claim for workers' compensation benefits and his claim was held compensable for a sprain of the hand and a sprain of the thoracic spine. On August 5, 2011, Mr. Napier submitted an application to reopen his claim for temporary total disability benefits for the period of January 22, 2009, through January 22, 2011. On October 25, 2011, the claims administrator granted the request for temporary total disability benefits for the period of January 22, 2009, through March 2, 2009. Mr. Napier also filed an application to have cubital tunnel syndrome added as a compensable condition of his claim. On April 12, 2011, the claims administrator denied the request to add cubital tunnel syndrome as a compensable condition. The claims administrator also determined that it had overpaid Mr. Napier for the period of January 22, 2009, through March 2, 2009. Mr. Napier protested.

The Office of Judges determined that Mr. Napier's cubital tunnel syndrome was received in the course of and as a result of his employment. The Office of Judges relied upon the mechanism of injury and Mr. Napier's testimony. Mr. Napier did not have any pre-existing numbness but developed the symptoms after the injury. Mr. Napier's nerve conduction study performed on September 23, 2008, showed left ulnar compressive neuropathy across the elbow with sensory axonal loss features, which is consistent with cubital tunnel syndrome. The Office of Judges noted that Mr. Napier's testimony of injury supports a causal connection between the injury and his symptoms. The Office of Judges also noted that Dedicated Logistics, Inc., did not present evidence to rebut his diagnosis of cubital tunnel syndrome. As a result, the Office of Judges reversed the claims administrator and held cubital tunnel syndrome to be a compensable condition of this claim. The Office of Judges also determined that Mr. Napier's claim was properly reopened and that he is entitled to temporary total disability benefits from January 22, 2009, through March 2, 2009. The Office of Judges noted that Mr. Napier underwent cubital tunnel release on January 22, 2009. As a result, the Office of Judges determined that temporary total disability started on the date of cubital tunnel release. The Office of Judges also found that Gerald Stashak, M.D., opined that Mr. Napier had reached his maximum degree of medical improvement on March 2, 2009. As a result, the Office of Judges adopted March 2, 2009, as the closing date of Mr. Napier's temporary total disability benefits. The Office of Judges entered an Order that found cubital tunnel syndrome to be a compensable condition, reversing the April 12, 2011, determination of the claim administrator. The Office of Judges also reversed the assessment of an overpayment of temporary total disability and granted temporary total disability benefits from January 22, 2009, through March 2, 2009. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the findings of the Office of Judges and the conclusions of the Board of Review. The evidence in the record supports the Office of Judges' determination that Mr. Napier

is entitled to temporary total disability benefits from January 22, 2009, through March 2, 2009. Mr. Napier underwent cubital tunnel release on January 22, 2009, and was temporarily disabled until March 2, 2009, when Dr. Stashak determined that he had reached his maximum degree of medical improvement. Mr. Napier argues he should be entitled to benefits from January 22, 2009, through January 22, 2011, based upon Dr. Stashak's reopening request. However, the period of disability alleged by Dr. Stashak in his reopening request is not consistent with the remainder of the evidence in the record. Dr. Stashak's request for temporary total disability benefits significantly exceeds the one-hundred-four-week payment period set out in West Virginia Code § 23-4-6(c) (2005), and Mr. Napier has not sufficiently supported his request for benefits beyond March 2, 2009, when Dr. Stashak initially determined that he had reached his maximum degree of medical improvement. Mr. Napier has not introduced sufficient credible evidence to show that he was unable to work after March 2, 2009.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  March 12, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3